**FILED**

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 01 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
AUG 2 8 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DONALD T. MONZULLA,<br><br>Defendant - Appellant. | No. 05-30433<br><br>D.C. No. CR-05-00009-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 27, 2006**
Anchorage, Alaska

Before: **KOZINSKI, BERZON** and **TALLMAN**, Circuit Judges.

**1.** Monzulla challenges the search of his vehicle because the probation officer had no "personal knowledge" when he requested the search. But <u>United States v. Knights</u>, 534 U.S. 112, 122 (2001), only requires that a "warrantless

---

\*       This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

page 2

search of [an individual on probation be] supported by reasonable suspicion and authorized by a condition of probation . . . ." And reasonable suspicion is "a lesser than probable-cause standard." Id. at 121.

The probation officer had ample reasonable suspicion here: A state trooper reported that Monzulla had admitted to carrying a loaded firearm in his vehicle, in violation of his probation conditions; and Monzulla's probation conditions explicitly allowed for warrantless, nonconsensual searches for alcohol, controlled substances and prohibited firearms. That the probation officer did not hear the admission himself is of no consequence. See United States v. Stokes, 292 F.3d 964, 967–68 (9th Cir. 2002) (holding that "reasonable suspicion was clearly met" where a probation officer searched a probationer's car based on a police officer's report that another man accused the probationer of stealing guns). Nor does it matter who did the search under Monzulla's probation conditions, so long as a probation officer requested it. Probation and law enforcement officers frequently cooperate in the course of their work, and they did so properly here. See United States v. Butcher, 926 F.2d 811, 815 (9th Cir. 1991).

2. Monzulla fails to demonstrate that the district court clearly erred in finding that the state trooper did not act in bad faith. See United States v. Velarde-

page 3

Gavarrete, 975 F.2d 672, 676 (9th Cir. 1992) (reviewing a district court's finding on bad faith for clear error). And failure to preserve "potentially useful evidence" does not violate due process <u>unless</u> the defendant shows the evidence was destroyed in bad faith. <u>Arizona</u> v. <u>Youngblood</u>, 488 U.S. 51, 58 (1988); see also <u>United States</u> v. <u>Barton</u>, 995 F.2d 931, 935 (9th Cir. 1993) (applying <u>Youngblood</u> to suppression hearings).

Indeed, the evidence points to the contrary. First, departmental procedures did not require officers to make contact tapes; this was only this particular trooper's personal practice. Thus, the trooper's failure to preserve the tape was not contrary to established procedures. See <u>Barton</u>, 995 F.2d at 935 (compliance with department procedures is sign of good faith). Second, the trooper testified that his normal practice involves recording over tapes that have no evidentiary value; he believed that was the case here because the contact involved a routine search of a probationer's vehicle pursuant to a search condition of his probation. As was the case in <u>Barton</u>, "[n]o evidence was presented to demonstrate that the [state trooper] deliberately destroyed evidence in order to insulate the allegations . . . from impeachment." <u>Id.</u> at 936. Thus, the government's failure to preserve this evidence does not violate due process under <u>Youngblood</u>.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 2 3 2006

by: _____
Deputy Clerk